**Commonwealth v. Rollison**

*Gina D'Alfonson, assistant counsel,* for PennDOT
*John Hardisty,* for defendant.

GRIMES, *P.J.,* December 12, 1991—

## MEMORANDUM TO RECORD

The defendant, Robert E. Rollison, was issued a citation on July 20, 1991, for underage drinking. After he informed the district justice that he was pleading guilty to the charge, notice was duly forwarded to the Department of Transportation. Subsequently, but prior to the payment of the fines, the defendant withdrew his plea of guilty and requested a hearing. The district justice granted a hearing which was held on September 18, 1991, and after hearing the testimony, he dismissed the charges against the defendant.

Upon the defendant receiving a notice of license suspension from the department, this license suspension appeal was filed and a hearing was held on October 11, 1991. This court sustained the appeal due to the dismissal of the charges by the district justice. The department has appealed to the Commonwealth Court of Pennsylvania.

The Department of Transportation was not a party to the action before the district justice. Neither the prosecuting officer nor the office of the district attorney appealed the dismissal of the charges to this court and therefore the original citation is not at issue. The department contends that when the guilty plea was entered by the defendant, no action thereafter would have any effect upon the suspension. In our system of justice, the courts, and not the department, are charged with the responsibility of ensuring that justice is served. This court is without knowledge as to why the district justice allowed the defendant to withdraw his guilty plea other than counsel's argument that fundamental fairness requires that a party be apprised of all ramifications and

results of a guilty plea. Apparently the district justice saw cause for granting a hearing on the matter and did so, at which time the charge was dismissed. The only party with standing to challenge the action of the district justice was the Commonwealth through the prosecuting officer and/or the district attorney, a challenge which was not initiated.

The department is without authority to suspend the license of a driver who was found "not guilty" of the underlying offense and lacks standing to attack the procedural and/or substantive finding of the district justice. The defendant's appeal of the suspension of his driving privileges was properly sustained.